UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DON RUTHERFORD,<br><br>                      Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                      Defendant. | Case No.: 17-cv-1361-JM (RNB)<br><br>**REPORT AND RECOMMENDATION REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(ECF Nos. 12, 15)** |

       This Report and Recommendation is submitted to the Honorable Jeffrey T. Miller, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

       On July 5, 2017, plaintiff Richard Don Rutherford filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying his application for a period of disability and disability insurance benefits. (ECF No. 1.)

       Now pending before the Court and ready for decision are the parties' cross-motions for summary judgment. For the reasons set forth herein, the Court **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's cross-

motion for summary judgment be **GRANTED**, and that Judgment be entered affirming the decision of the Commissioner and dismissing the action with prejudice.

## PROCEDURAL BACKGROUND

On June 28, 2011, plaintiff protectively filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging disability beginning January 25, 2010. (Certified Administrative Record ["AR"] 292-98.) After his application was denied initially and upon reconsideration (AR 161-65, 167-71), plaintiff requested an administrative hearing before an administrative law judge ("ALJ"). (AR 172-73.) An administrative hearing was held on June 6, 2013. Plaintiff appeared with a non-attorney representative, and testimony was taken from him and a vocational expert ("VE"). (AR 36-68.)

As reflected in her August 29, 2013 hearing decision, the ALJ found that plaintiff had not been under a disability, as defined in the Social Security Act, from his alleged onset date through the date of the decision. (AR 133-50.) In an Order issued April 16, 2015, the Appeals Council granted plaintiff's request for review. It vacated the hearing decision and remanded the case to the ALJ with instructions. (AR 155-59.)

A second administrative hearing was held on October 20, 2016 before a different ALJ. Plaintiff appeared at the hearing with the same non-attorney representative, and testimony was taken from him and a different VE. (AR 69-101.) As reflected in his December 16, 2016 hearing decision, the second ALJ found that plaintiff's date last insured was June 30, 2014, and that plaintiff had not been under a disability, as defined in the Social Security Act, from his alleged onset date through his date last insured. (AR 20-30.) The ALJ's decision became the final decision of the Commissioner on May 4, 2017, when the Appeals Council denied plaintiff's request for review. (AR 1-5.) This timely civil action followed.

# SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of January 25, 2010 through his date last insured of June 30, 2014. (AR 22.)

At step two, the ALJ found that plaintiff had the following severe impairments: type I diabetes mellitus; hypertension; status post-surgery for repair of left shoulder rotator cuff tear with residual left should pain; alcohol dependence; and an anxiety disorder. (AR 22.)

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the Commissioner's Listing of Impairments. (AR 23.)

Next, the ALJ determined that, through the date last insured, plaintiff had the residual functional capacity ("RFC") to perform light work "with a limit to occasionally lift or carry 20 pounds and frequently lift or carry 10 pounds; sit for 6 hours in an 8-hour workday; stand or walk for 6 hours in an 8-hour workday; occasionally climb, balance, stoop, kneel, crouch, or crawl; occasionally reach overhead with the left upper extremity; mentally limited to simple and routine tasks performed in a non-public setting and involving work with items rather than with people." (AR 25.)

For purposes of his step four determination, the ALJ adduced and accepted the VE's testimony that a hypothetical person with plaintiff's vocational profile would be unable to perform the exertional demands of plaintiff's past relevant work as an operating engineer. Accordingly, the ALJ found that plaintiff was unable to perform any past relevant work. (AR 29.)

The ALJ then proceeded to step five of the sequential evaluation process. Based on the VE's testimony that a hypothetical person with plaintiff's vocational profile would have been able to perform the requirements of occupations that existed in significant numbers in the national economy (*i.e.*, garment bagger, folder, and inspector/hand-packager), the ALJ found that plaintiff was not disabled through his date last insured. (AR 29-30.)

## PLAINTIFF'S CLAIM OF ERROR

Plaintiff is claiming that, in determining his mental RFC, the ALJ impermissibly rejected the opinion of examining physician, Jaga Nath Glassman.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

On September 24, 2011, plaintiff presented to Dr. Glassman for a comprehensive psychiatric evaluation. After performing a mental status examination, Dr. Glassman opined as follows:

> "He has moderate impairment in his capacity to function in a workplace setting, due to his panic attacks and phobic avoidance. He has impairments in his capacity to behave in a socially appropriate manner, given his anxious and depressed moods. He is capable of getting along adequately with others. He is capable of understanding and following at least simple instructions. He has moderate impairments in his capacity to maintain concentration, persistence, and pace, and to adapt to changes and stresses in a workplace setting." (AR 425.)

In his decision, the ALJ stated that he was giving "significant weight" to Dr. Glassman's opinion. (AR 27.) However, plaintiff contends that, in limiting plaintiff to "simple and routine tasks performed in a non-public setting and involving work with items rather than people," the ALJ's mental RFC assessment did not adequately account for Dr. Glassman's opinion that plaintiff suffers from moderate impairments in his capacity to maintain concentration, persistence, and pace and to adapt to changes and stresses in a workplace setting. (*See* ECF No. 12-1 at 7.)

The Commissioner contends that this case is controlled by the Ninth Circuit's decision in *Stubbs–Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008). There, the Ninth Circuit held that an ALJ's limitation to "simple, routine, repetitive" work sufficiently accommodated medical-opinion evidence that the claimant had a "moderate" limitation in pace and "other mental limitations regarding attention, concentration, and adaption." *See id.* at 1173-74.

In his Reply, plaintiff maintains that *Stubbs-Danielson* is distinguishable because "[h]ere, by way of contrast, the nonexertional limitations set out in the ALJ's RFC determination were not the only concrete restrictions identified in Dr. Glassman's opinion, and no medical source ultimately concluded that such limitations adequately captured a moderate limitation in concentration, persistence, and pace or a moderate limitation [in] the ability to adapt to changes and stresses in a workplace setting." (*See* ECF No. 16 at 3-4, citing *Brink v. Comm'r Soc. Sec. Admin.*, 343 Fed. Appx. 211, 212 (9th Cir. 2009), for the proposition that the phrase "simple, repetitive work" fails to encompass difficulties with concentration, persistence or pace.) As discussed hereafter, the Court disagrees with plaintiff that *Stubbs-Danielson* is distinguishable and declines to apply *Brink*.

In *Stubbs-Daniels*, two doctors assessed the claimant with moderate limitations in mental functioning. *See* 539 F.3d at 1173. An examining physician (Dr. McCollum) found that the claimant was "moderately limited" in her ability "to perform at a consistent pace without an unreasonable number and length of rest periods" but did not assess whether she could perform unskilled work on a sustained basis. *Id.* A state-agency reviewing

psychologist (Dr. Eather) identified the claimant's limitation in pace, as well as moderate limitations in several other areas of mental functioning but also found the claimant capable of carrying out "simple tasks." *Id.* Based on this medical opinion evidence, the ALJ assessed the claimant as having the RFC for simple, routine, repetitive work and he did not include any moderate limitations in pace or other mental areas of functioning in his hypothetical to the VE. *See id.* at 1171, 1173-74. In doing so, the ALJ did not reject the two doctors' findings of moderate limitations in pace and other areas of mental functioning. *Id.* at 1174. Rather, the ALJ "translated" the claimant's condition, "including the pace and mental limitations, into the only concrete restrictions available to him — [the state-agency reviewing psychologist's] recommended restriction to 'simple tasks.'" *Id.* (citing *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) (when state psychologist both identified claimant as having deficiencies of concentration, persistence, or pace and pronounced that claimant possessed ability to "sustain sufficient concentration and attention to perform at least simple, repetitive, and routine cognitive activity without severe restriction of function," ALJ's hypothetical including ability to perform "simple, routine, repetitive tasks" adequately captured claimant's deficiencies in concentration, persistence, or pace), and *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001) (when ALJ's hypothetical incorporated concrete restrictions identified by examining psychiatrist regarding quotas, complexity, and stress, ALJ did not err in failing to include that claimant suffered from deficiencies in concentration, persistence, or pace)).

In *Brink*, the ALJ accepted medical evidence that the claimant had moderate difficulty maintaining concentration, persistence, or pace, but did not include those limitations in the hypothetical he presented to the VE. *See* 343 Fed. Appx. At 212. Instead, the ALJ mentioned only a limitation for simple, repetitive work. *Id.* The panel there held that the hypothetical was incomplete because it did not specifically include the limitations for concentration, persistence, or pace. *Id.* The court rejected the Commissioner's contention that the limitation to simple, repetitive work encompassed the claimant's difficulties with concentration, persistence, and pace. *Id.* Although *Stubbs-Danielson* had

6

reached the opposite conclusion, the *Brinks* court attempted to distinguish it. The court explained that in the case before it, there was medical evidence that the claimant had difficulties in concentration, persistence, or pace, whereas in *Stubbs-Danielson*, the medical testimony did not establish any limitations in concentration, persistence, or pace. *Id.*

The Court has concluded that *Brink* does not establish error in the ALJ's RFC assessment here. First, *Brink* is not controlling authority, whereas *Stubbs-Danielson* is. *See* 9th Cir. R. 36-3(a) ("Unpublished dispositions and orders of the Court are not precedent."). Second, under that law, the ALJ was not required to explicitly include in his RFC determination the moderate limitations assessed by Dr. Glassman. The restriction to simple and routine tasks adequately captured those moderate limitations. *See Stubbs-Danielson*, 539 F.3d at 1174. Third, *Brink*'s conclusion that there was no medical testimony of limitations in concentration, persistence, and pace in *Stubbs-Danielson*, *see Brink*, 343 Fed. Appx. at 212, overlooks express language in *Stubbs-Danielson* to the contrary. *See Stubbs-Danielson*, 539 F.3d at 1171 (**"Dr. Bryce A. McCollum evaluated Stubbs-Danielson and ... said she showed ... a slow pace in thought and action"**), 1173 (recounting similar findings by Dr. McCollum and Dr. Eather's finding that she had **"a slow pace, both in thinking & actions"**), 1174 (summarizing both doctors' findings **"related to pace and the other mental limitations regarding attention, concentration, and adaption"**). *See also Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) ("The 'failure to complete tasks in a timely manner' is not a functional limitation but the end result of 'deficiencies of concentration, persistence or pace.'"). The Court therefore concurs with the district court in *Calisti v. Colvin*, 2015 WL 7428724, at *9 (E.D. Cal. Nov. 23, 2015) that the reasoning offered in *Brink* to distinguish *Stubbs-Danielson* is not persuasive.

Here, as in *Stubbs–Danielson*, the ALJ's limitation to "simple and routine tasks" in the RFC was consistent with the other restrictions identified in the medical evidence. Although Dr. Glassman opined that plaintiff had moderate impairments in the capacity to

7

maintain attention, concentration, persistence, and pace and to adapt to changes and stress in a workplace setting, she nonetheless concluded that plaintiff was "capable of understanding and following at least simple instructions." (See AR 425.) Further, contrary to plaintiff's contention in his Reply, as in *Stubbs-Danielson*, a State agency reviewing psychologist did opine after considering the entire medical record, including Dr. Glassman's limitations, that plaintiff "demonstrates the capacity to understand, remember and sustain concentration to carry out and complete simple, routine tasks in work settings where there is infrequent and casual contact with the general public and coworkers." (*See* AR 125.) Given this opinion evidence,[1] the Court finds that the ALJ reasonably translated the moderate deficiencies assessed by Dr. Glassman into the RFC assessment for "simple and routine tasks." *See Stubbs-Danielson*, 539 F.3d at 1174.

Accordingly, the Court rejects plaintiff's contention that, in determining plaintiff's mental RFC, the ALJ impermissibly rejected Dr. Glassman's opinion. *See also Hughes v. Colvin*, 599 Fed. Appx. 765, 766 (9th Cir. 2015) (ALJ's RFC assessment accounted for moderate difficulties in social functioning, concentration, and persistence by restricting the claimant to simple, routine, repetitive tasks in job where she could work independently, with no more than occasional public interaction); *Sabin v. Astrue*, 337 Fed. Appx. 617, 620-21 (9th Cir. 2009) (ALJ properly assessed medical evidence in determining that despite moderate difficulties in concentration, persistence, or pace, claimant could perform simple and repetitive tasks on a consistent basis).

## RECOMMENDATION

The Court therefore **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's cross-motion for summary judgment be

---

[1] As the ALJ also noted in explaining his rationale for limiting plaintiff to simple routine work and no public contact, plaintiff told Dr. Glassman himself that he "could probably work in a job if he did not have to be around people [much]." (*See* AR 28-29, citing AR 424.)

**GRANTED**, and that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Any party having objections to the Court's proposed findings and recommendations shall serve and file specific written objections within 14 days after being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2). The objections should be captioned "Objections to Report and Recommendation." A party may respond to the other party's objections within 14 days after being served with a copy of the objections. *See* Fed. R. Civ. P. 72(b)(2). *See id.*

IT IS SO ORDERED.

Dated: July 31, 2018

_____
ROBERT N. BLOCK
United States Magistrate Judge